# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA STICKLER,<br><br>                      Plaintiff,<br><br>vs.<br><br><br>CALIFORNIA STATE POLICE,<br><br>                      Defendant. | CASE NO. 12CV385 JLS (JMA)<br><br>**ORDER (1) DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL, (2) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*, AND (3) DISMISSING COMPLAINT WITHOUT PREJUDICE**<br><br>(ECF Nos. 2, 3) |

      Presently before the Court is Plaintiff Pamela Stickler's ("Plaintiff") motion to appoint counsel, (Mot. Appoint Counsel, ECF No. 2), and Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP"), (IFP Mot., ECF No. 3). In her pro se complaint, Plaintiff submitted a single, hand-written paragraph, transcribed to the best of the Court's ability as follows:

> The California State police, they had a person in uniform in a San Diego Community College District car threatening me with arrest at Chabad, and telling me to turn around [illegible] and put her two arms if she was going to arrest me. Give 1998 toyota tacoma truck back if not repossessed.

(Compl. 2, ECF No. 1)[1]

---

[1] The Court recently dismissed without prejudice a similar complaint filed by Plaintiff in the related case, *Stickler v. El Cajon Police Dept.*, 12-CV-00385 JLS (JMA). Rather than filing an amended complaint in that case, Plaintiff instead initiated a new action and IFP application.

### MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff requests the appointment of counsel to assist in prosecuting this civil action. The Constitution provides no right to appointment of counsel in a civil case, unless an indigent litigant may lose physical liberty upon losing the litigation. *Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons. This discretion may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court **DENIES** Plaintiff's request **WITHOUT PREJUDICE**, as neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. *Id.* at 1017; *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987).

### MOTION TO PROCEED IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing that she is unable to pay the required filing fee. 28 U.S.C. § 1915(a).

Here, Plaintiff states that she is not employed, receives "help from church" which "varies," and does not have a checking or savings account, a car, or any other valuable property. (IFP Mot. 2, ECF No. 3.) As to her debts, Plaintiff is "not sure what's on [her] credit report." (*Id.* at 3.) Based on the information provided, the Court finds that Plaintiff is unable to pay the required filing fee. Accordingly, her motion to proceed IFP is **GRANTED**.

//

## INITIAL SCREENING

Notwithstanding IFP status, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the sua sponte dismissal of any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an IFP complaint that fails to state a claim).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court has a duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly important in civil rights cases," *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a pro se litigant's complaint, however, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

"A pleading that states a claim for relief must contain: . . . a short and plain statement of the grounds for the court's jurisdiction . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . [and] a demand for the relief sought." Fed. R. Civ. P. 8(a). Here, the complaint fails to satisfy the pleading requirements of Federal Rule of Civil Procedure 8. It has no short and plain statement of jurisdiction, contains vague sentences that do not appear to relate to one another, and does not clearly identify any rights that are being violated to show that the pleader is entitled to relief. However, the complaint does not appear frivolous. As such, the Court will direct the clerk to provide Plaintiff with a court-approved 42 U.S.C. § 1983 form

complaint to assist her in drafting an amended complaint.

## CONCLUSION

Plaintiff's motion for appointment of counsel is **DENIED WITHOUT PREJUDICE**. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is filed in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the previous pleading. *See* CivLR 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

The Clerk of Court is directed to mail a court-approved § 1983 form complaint to Plaintiff.

**IT IS SO ORDERED.**

DATED: April 23, 2012

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge